[No. 44361.   En Banc.   February 24, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN W. ROBERTS, *Appellant*.

338

*Richard L. Cease, Public Defender*, and *Francis J. Conklin, Special Public Defender*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *LeRoy C. Kinnie, Deputy*, for respondent.

*John A. Strait* on behalf of University of Puget Sound School of Law, amicus curiae.

UTTER, J.—Defendant Roberts appeals from a judgment and sentence entered upon a jury verdict finding him guilty of second–degree murder. Appellant contends that the instruction given by the trial court concerning the presumption of second–degree murder is repugnant to the due

process clause of the fourteenth amendment to the United States Constitution. We agree, reverse the conviction, and remand for new trial.

Near midnight on April 27, 1975, the appellant emerged from a tavern in the Hillyard district of Spokane. He discovered a woman lying in the street, approximately 4 feet in front of a parked car, and bleeding from the mouth and nose. Along with others at the scene, he went to the woman's assistance. While so engaged, appellant saw the victim of the homicide here in question seated in the driver's seat of the parked car and realized the engine of the vehicle was running. He then approached the driver's side of the car, presumably to inform the person inside of the presence of the woman. The testimony as to what next took place is conflicting and incomplete. The victim did not immediately respond to the defendant's efforts to gain his attention and was, at this time, extremely intoxicated (he was found after his death to have a blood alcohol level of .33). After an exchange of words the door of the car was opened, either by the appellant or the victim. A brief scuffle ensued, during which appellant pulled a gun. A bullet was discharged, striking the victim who died shortly thereafter.

Appellant testified on his own behalf to the effect that he approached the car to warn the driver of the presence of the woman; the driver appeared to ignore him, then called him profane names, opened the door and attempted to assault him. Appellant admitted having pulled the gun but claimed that he only attempted to strike the victim with it, at which time it accidentally discharged. The case was tried with an information charging first–degree murder and a jury verdict was reached finding the defendant guilty of murder in the second degree. Appellant assigns error to a number of the instructions given to the jury. The first is instruction No. 19, which states:

> When the fact that a human being was killed by the accused is either admitted or proved beyond a reasonable doubt, and the killing is neither excusable or justifiable,

then there is a presumption of law that the killing is murder in the second degree.

This presumption, of course, is only as to the degree of crime of which the defendant is alleged to be guilty, and is not proof beyond a reasonable doubt that he is guilty of any crime.

An instruction substantially similar to this one was adopted as a rule of law in this state as early as *State v. Payne,* 10 Wash. 545, 39 P. 157 (1895), and has been, until very recently, consistently approved by this court. *See State v. Mays,* 65 Wn.2d 58, 395 P.2d 758 (1964), and cases therein cited. However, recent developments in the standards of due process applicable to criminal presumptions require that we reconsider the continuing validity of the instruction here challenged.

■ In our legal system, the burden is always upon the prosecution to establish every element of the crime charged by proof beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). As an outgrowth of this fundamental principle, an evidentiary presumption which is used by the prosecution to aid in establishing any of the elements of a crime must survive scrutiny under three separate tests, each of which is based upon protection of the defendant's right to due process of law.

First, while a presumption may still be employed for the purpose of shifting the initial burden of producing evidence with regard to an element of the crime charged, it may not operate so as to alter the ultimate burden of persuasion by proof beyond a reasonable doubt. This burden must, at all times, remain with the prosecution. *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976).

Second, the State must establish that a presumption which it seeks to employ for the limited purpose permissible under *Mullaney* meets the test established by this court in *State v. Odom,* 83 Wn.2d 541, 520 P.2d 152 (1974) and *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976).

We there held a presumption may only be used to establish an element of a criminal offense when it is established that the fact presumed follows from the facts proven in support thereof beyond a reasonable doubt. *See Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970); *Barnes v. United States,* 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973).

Finally, the instruction presenting a presumption to the jury which is valid under the two previous tests must adequately explain the operation of the presumption in accordance with the standards set forth in *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960) and reaffirmed in *State v. Odom, supra.*

In *Kroll* we concluded an instruction which establishes a presumption of second–degree murder based upon proof of an inexcusable and unjustifiable killing and affirmatively places the burden of creating reasonable doubt as to the presumed element upon the defendant, violates the concept of due process enunciated in *Mullaney v. Wilbur, supra.* Instruction No. 19 allows the statutory intent element of second–degree murder (*see* RCW 9.48.040) to be presumed, upon proof of other facts. *Mullaney,* standing alone, does not render unconstitutional all such presumptions in the criminal law. It permits the use of an otherwise valid presumption, so long as the ultimate burden of persuasion as to the issue remains with the prosecution and the defendant is at most only required to produce some evidence, from whatever source, in opposition to it. ( *See Mullaney v. Wilbur, supra* at 701–02 n.28, 702–03 n.31.) A substantial majority of state courts have construed *Mullaney* in this fashion. *See, e.g., State v. Inman,* 350 A.2d 582 (Me. 1976); *State v. Gibbs,* 239 N.W.2d 866 (Iowa 1976); *Adams v. State,* 236 Ga. 468, 224 S.E.2d 32 (1976); *State v. Keys,* 25 Ore. App. 15, 548 P.2d 205 (1976).

The instruction here challenged differs from that considered in *Kroll* and *Mullaney* in that it is silent as to how the

presumption, once created, may be overcome.[1] The State has contended that, because this instruction does not on its face compel "anyone to do anything", it cannot be said to result in an impermissible shift of the burden of persuasion in the face of other instructions requiring the State to establish proof beyond a reasonable doubt of every element of the crime charged. *Mullaney* holds that the ultimate burden must lie with the State. The challenged instruction represents an effort by the prosecution to gain the benefits of the presumption by announcing its existence and then allowing the jury to determine what to do with it. Faced with such an instruction the defendant is required to come forward and show, by some unstated standard of proof, facts refuting the presumption. Such a result is no longer permissible. *See Perkins v. State,* 528 S.W.2d 598 (Tex. Crim. App. 1975). We read *Mullaney* as prohibiting the use in a criminal case of any presumption which is not expressly limited to placing a burden, in the proper circumstances, of producing evidence upon the defendant. This instruction is not so limited.

Under the third test above set forth, an instruction by the trial court which includes a presumption must, to be upheld, adequately explain its operation. As we said in *Person,*

> the jury should be further instructed that the presumption is not binding upon the jury even though the fact to be presumed is unrefuted by the defendant, and that the state must still sustain the burden of proving the defendant's guilt beyond a reasonable doubt. In other words, it should be made clear that the statutory presumption permits, but in no way directs, the jury to convict the accused, and must be considered by the jury in the light of the presumption of innocence which arises upon a plea of not guilty . . .

---

[1] "When the killing of one human being by another is proven beyond a reasonable doubt, the law presumes that such killing constitutes Murder in the Second Degree. If the State would elevate it to Murder in the First Degree, it must prove beyond a reasonable doubt the elements of First Degree Murder. If the defendant would reduce it to Manslaughter, he has the burden of creating a reasonable doubt as to the elements [of] Second Degree Murder.'" *State v. Kroll,* 87 Wn.2d 829, 839 n.3, 558 P.2d 173 (1976).

*State v. Person, supra* at 288. *See also State v. Odom, supra* at 545. The instruction here at issue is, on this basis alone, inadequate.

■ While the objections above set forth are in themselves sufficient to establish the impropriety of this particular instruction, we also conclude that the presumption of second–degree murder cannot, standing alone, be sustained under the *Odom* test. In the context of the presumption before us, the proven facts are: (a) a killing by the accused, (b) neither justified nor excused. The presumed element flowing therefrom is that the defendant intended to kill (*i.e.*, the killing was accomplished "with a design to effect the death" RCW 9.48.040(1)).[2] This presumed element must be shown to follow from the facts proven beyond a reasonable doubt "in light of present–day experience." *Barnes v. United States*, 412 U.S. 837, 844–45, 37 L. Ed. 2d 380, 93 S. Ct. 2357 (1973). In determining whether or not the presumption meets this test, the court may utilize common experience, as well as empirical data and evidence which establishes a factual basis for the presumption. *State v. Alcantara, supra*. The State has not submitted empirical evidence which supports this presumption. Common knowledge and experience, moreover, do not appear to support its continuing validity. For example, the statute relevant to this case established that to be "excusable" a homicide must occur in the course of performing a lawful act by lawful means. In view of the complexity of our modern criminal laws and the many acts now declared unlawful by statute, experience does not support the inference that killings merely unexcusable, as that term is defined by statute, are in fact intended.[3] Such an inference cannot be

___

[2] The provision now reads "[w]ith intent to cause the death . . ." *See* RCW 9A.32.050(1)(a) effective July 1, 1976.

[3] Amicus curiae have set forth a hypothetical situation in their brief which demonstrates the necessity of this conclusion. Suppose that a defendant was

said to follow "beyond a reasonable doubt." The presumption of second–degree murder does not have sufficient factual validity to justify its continued use.

█ We conclude, for the reasons above set forth, that the challenged instruction was erroneous and that the presumption therein contained should no longer be considered a part of the law of homicide in this state. Since the challenged instruction is defective and could have been the basis for the jury verdict, the conviction must be set aside, even though the jury might have reached the same verdict by an alternative means.[4] "It has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside." *Leary v. United States,* 395 U.S. 6, 31, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969).

█ Inasmuch as this case must be remanded for a new trial, appellant's argument challenging the constitutionality of the trial court's instruction on self–defense must be considered.[5] The relevant portion of instruction No. 21 states:

---

practicing target shooting in a city dump and that the discharge of firearms in that area was prohibited by law. Although the defendant aimed only at tin cans, a bullet ricocheted, striking and killing another person. Proof of these facts would give rise to a presumption that the defendant intended to kill and would require the defendant to produce evidence of absence of intent.

[4]The jury was also instructed that the defendant could be found guilty of murder in the second degree under the felony–murder provision of the second–degree murder statute. RCW 9.48.040(2). The basis for operation of the felony–murder rule was found by the trial court in viewing the appellant's act of assaulting the victim with a gun as a distinct felony (second–degree assault) which could provide a basis for a felony–murder conviction. The appellant has assigned error to this portion of the court's instructions, asserting in essence that use of the felony–murder rule in this situation allows conviction of second–degree murder without proof of specific intent. We have recently reconsidered the wisdom of allowing a felony included in fact in a homicide to provide the basis for operation of the felony–murder rule. *State v. Thompson,* 88 Wn.2d 13, 558 P.2d 202 (1977). Our decision in *Thompson* obviates the necessity to consider that issue here.

[5]Though no formal exception was taken to this instruction, appellant's challenge raises constitutional issues which will have an impact upon the retrial of this case. Both respondent and amicus curiae have presented argument pertinent to

When a defendant claims that he killed another in self–defense of his own person or property, the burden is upon that defendant to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof if, from a consideration of all the evidence in the case you have reasonable doubt as to whether or not the killing was done in self–defense.

This instruction was taken verbatim from a portion of that approved by this court in *State v. Turpin,* 158 Wash. 103, 290 P. 824 (1930). The formulation of our rule of self–defense set forth in *Turpin* has remained essentially unchanged since that time. Lack of justification is an element of the crime of second–degree murder. The challenged instruction places the ultimate burden of persuasion as to that element upon the defendant. He has the burden of creating a reasonable doubt in the mind of the jurors as to the issue if he wishes to avail himself of this defense. The continued use of this instruction is directly in conflict with *State v. Kroll, supra.* There we held an instruction requiring the defendant to create reasonable doubt as to the existence of the elements of second–degree murder in order to reduce the crime to manslaughter, resulted in a shift of the burden of proof which violated the concept of due process enunciated by the Supreme Court in *Mullaney v. Wilbur, supra.* The self–defense instruction presently before us places precisely the same burden upon the defendant as to the element of absence of justification. In view of the decisions in *Mullaney* and *Kroll,* it is now only permissible to place upon the defendant the obligation to produce evidence, from whatever source, tending to establish self–defense. The obligation to prove the absence of self–defense must remain at all times with the prosecution. Such a formulation is in accord with the emerging "majority rule" in this country (*see* Annot., 43 A.L.R.3d 221 (1972)) and was

the instruction. Under these circumstances, both justice and the expeditious disposal of this case require that appellant's contentions be considered. *Peoples Nat'l Bank v. Peterson,* 82 Wn.2d 822, 514 P.2d 159 (1973); *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968).

expressly approved in *Mullaney* wherein the court stated, at page 702:

Maine itself requires the prosecution to prove the absence of self–defense beyond a reasonable doubt. See *State* v. *Millett*, 273 A. 2d 504 (1971).[30]

[30]In *Millett* the Maine Supreme Judicial Court adopted the "majority rule" regarding proof of self–defense. The burden of producing "some evidence" on this issue rests with the defendant, but the ultimate burden of persuasion by proof beyond a reasonable doubt remains on the prosecution.

This decision should not prove unduly burdensome to the prosecution. Where no credible evidence appears in the record upon which a claim of self–defense might be based, the burden has been effectively discharged and no instruction with regard to the issue need be given. In this respect, our law will remain unchanged. *See, e.g., State v. Biondic,* 47 Wn.2d 593, 288 P.2d 845 (1955); *State v. Scheeler,* 45 Wn.2d 661, 277 P.2d 341 (1954). However, there is no longer any need for the jury to be instructed with regard to the burden of the defendant on this issue. If evidence is presented which is deemed sufficient by the court to raise an issue as to the question of possible justification, that element should be treated in the same manner as any other. The jury should be instructed as to the pertinent aspects of the law of justification in homicide cases and then simply informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt.

In view of the foregoing, we do not find it necessary to consider appellant's remaining assignments of error. The conviction is reversed and the case remanded for a new trial.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

Petition for rehearing denied June 29, 1977.