[No. 2139–3.   Division Three.   January 31, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. CURTIS
LEE JOHNSON, *Appellant.*

*John A. Strait,* for appellant.

*Arthur R. Eggers, Prosecuting Attorney,* and *Jerry A. Votendahl, Special Deputy,* for respondent.

McINTURFF, J.—Curtis Lee Johnson appeals from a first–degree murder· conviction arising out of a stabbing in a breezeway at the state penitentiary. His defense was an alibi—that he was in the prison cafeteria at the time of the incident.

Mr. Johnson presents nine assignments of error, but his principle contentions concern the advisability of giving an alibi instruction. The court instructed the jury:

A defense interposed by the defendant in this case is an alibi; that is, the defendant was at another place at the identical time the crime was committed.

When the State makes out such a case as would sustain a verdict of guilty and the defendant offers evidence as to an alibi, the burden of proof is upon said defendant insofar as that alibi is concerned. However, it is not incumbent upon the defendant to prove the alibi beyond a reasonable doubt.

After both the State and the defendant have submitted all of their proof the primary question is whether such defendant is guilty beyond a reasonable doubt. If, in considering all the evidence, including that touching the alibi, you have a reasonable doubt of the guilt of the accused, you should acquit and, if not, you should convict.

Mr. Johnson attacks the instruction on three fronts: (1) Preexisting case law forbids giving an alibi instruction; (2) the instruction does not define the applicable standard of proof required by the defendant to sustain his defense; and (3) it unconstitutionally shifts to him the burden of proving the identity of the killer—an element of the crime.

Slightly different alibi instructions have withstood some of the same attacks in *State v. Kubicek,* 81 Wn.2d 497, 502 P.2d 1190 (1972), and *State v. Adams,* 81 Wn.2d 468, 503 P.2d 111 (1972). In those cases the court concluded that an alibi instruction, whether requested by the State or the defendant,[1] should not in the future be included in the charge to the jury unless mandated by the legislature. Despite its conclusions, the court found the giving of the instructions in both *Kubicek*[2] and *Adams*[3] was not reversible error.

---

[1] It is not clear whether the instruction was requested by the State, Mr. Johnson or the court. In affidavits filed for this appeal Mr. Johnson's trial counsel states the instruction was requested at both of Mr. Johnson's trials by the State. His first trial resulted in a mistrial. The court reporter in another affidavit said he typed the instruction at the request of the trial judge. We note only defense counsel referred to the instruction during closing argument.

[2] In *Kubicek* the jury was instructed:

"You are instructed that a defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at an identical time the crime was committed, if committed at all. *When the State makes out such a case as would sustain a verdict of guilty, and the defendant offers evidence, it is incumbent upon him to go forward with the evidence to sustain his defense of*

In *Adams* the court said the alibi instruction did not violate the defendant's constitutional rights. That court said at page 475:

> We find in this instruction no denial or contravention of such rights. It is a firm and long–established principle in this jurisdiction that an instruction on alibi may be given if supported by the evidence. . . . The instruction now before us appears to have been taken virtually verbatim from *State v. Rosi*, 120 Wash. 514, 515, 208 P. 15 (1922), where it was explicitly approved despite even a wider challenge than it is subjected to now. In that case, this same instruction was sustained on the basis that, by its very language, it did not remove from the state nor reduce in any degree its burden of establishing each element of the crime beyond a reasonable doubt nor subvert the presumption of innocence.

The court then adhered to its decision in *Kubicek*.

Nonetheless, Mr. Johnson has seized upon recent decisions of both the United States and state supreme courts as requiring a result inconsistent with *Adams* and *Kubicek*. Citing *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508,

---

*alibi to your satisfaction. It is not incumbent upon him to prove alibi beyond a reasonable doubt;* and when the proof is all in, both that given by the State and for the defendant, then the primary question is (the whole evidence being considered) is the defendant guilty beyond a reasonable doubt, the law being that, if, after you have considered all the evidence as well as that touching the alibi as the evidence introduced by the State, you have a reasonable doubt of the guilt of the accused, you should acquit; if you have not, you should convict." (Italics ours.) *State v. Kubicek, supra* at 501.

[3]In *Adams* the jury was instructed:

"A defense interposed by the defendant in this case is an alibi; that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.

"*When the state makes out such a case as would sustain a verdict of guilty and the defendant offers evidence, the burden is upon such defendant to make out his defense as to an alibi, but it is not incumbent upon him to prove an alibi beyond a reasonable doubt.* When the proof is all in, both that given by the state and for the defendant, then the primary question is, the whole of the evidence being considered, whether such defendant is guilty beyond a reasonable doubt. The law is that if you have a reasonable doubt of the guilt of the accused, after having considered all the evidence, you should acquit; but if, after considering all the evidence, you do not have a reasonable doubt of the guilt of the accused, you should convict." (Italics ours.) *State v. Adams, supra* at 473.

95 S. Ct. 1881 (1965), *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), and *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976), Mr. Johnson essentially asks that we reexamine *Adams* and *Kubicek* insofar as they hold that an alibi instruction does not unconstitutionally shift to the defendant the burden of proving an element of the offense with which he is charged.

Primary reliance is placed upon *Mullaney* where the court held that a Maine law, requiring the defendant to establish by a preponderance of the evidence that he acted in heat of passion on some provocation in order to reduce a charge of murder to manslaughter, was violative of due process; that, instead, due process "requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation . . ." *Mullaney v. Wilbur, supra* at 704. There the jury was instructed that if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied, resulting in a conviction of murder unless defendant proved by a preponderance that he acted in the heat of passion. Likewise, in *Kroll,* our Supreme Court found unconstitutional an instruction which provided that when a homicide is proven beyond a reasonable doubt, there is a presumption of second–degree murder and that it is incumbent upon the defendant to show the homicide to be manslaughter. Under this instruction the *Kroll* court said at page 840:

> [T]he State is not required to prove every element of second–degree murder; it need only prove beyond a reasonable doubt the killing of one human being by another. No reference is made in the instruction to the fact that second–degree murder statutorily involves the element of intent. If the defendant is to reduce the crime to manslaughter, *however, he has the burden of creating a reasonable doubt as to the absence of intent.* Such a shifting of the burdens of proof clearly violates the concept of due process . . .

(Italics ours.)

Finally, in *Roberts,* the court, in addition to striking an instruction requiring the defendant to prove justification in order to reduce the degree of homicide, held unconstitutional the giving of a self–defense instruction which placed the burden of proving self–defense on the defendant. The self–defense instruction read:

> When a defendant claims that he killed another in self–defense of his own person or property, the burden is upon that defendant to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof if, from a consideration of all the evidence in the case you have reasonable doubt as to whether or not the killing was done in self–defense.

After discussing *Mullaney* and *Kroll, Roberts* said of this instruction:

> *The self–defense instruction presently before us places precisely the same burden upon the defendant as to the element of absence of justification.* In view of the decisions in *Mullaney* and *Kroll, it is now only permissible to place upon the defendant the obligation to produce evidence, from whatever source, tending to establish self–defense.* The obligation to prove the absence of self–defense must remain at all times with the prosecution.

(Italics ours.) *State v. Roberts, supra* at 345.

■■ We do not find the *Mullaney–Kroll–Roberts* trilogy applicable to the alibi defense or the instruction questioned by Mr. Johnson. While the identity of the defendant and his presence at the scene of the crime must be proven beyond a reasonable doubt, they are different than the elements discussed in *Mullaney* (justification), *Kroll* (intent), and *Roberts* (justification) which were presumed to follow from certain proven facts. In those instances the defendants were forced to negate the presumed facts in order to lessen the degree of the crime or to be acquitted. The identity and presence of the defendant are never presumed nor are they definitional elements of statutorily proscribed offenses.

Thus, we find no need to upset the *Adams–Kubicek* rule in light of later cases.[4]

Nor are we inclined to decide what standard of proof is required of a defendant asserting an alibi defense, as Mr. Johnson requests, because he is not required technically to *prove* his alibi. Instead, his burden really is to *produce* evidence tending to establish that defense and, in effect, to cast a doubt upon the prosecution's case. In the final analysis, the question is whether the evidence establishes beyond a reasonable doubt that the defendant committed the crime. That is the reason for confusion in the area of alibi defense and instructions.

> If the defendant raises an alibi, he is in effect denying the claim of the prosecution that he was at the scene of the crime at the time it was committed. He is neither expressly nor impliedly admitting the averments of the prosecution [as he would in the case of self–defense] and, therefore, need not set forth matter which would avoid the criminal liability that an admission would entail. Instead, by asserting that he was at another place at the time when the alleged crime was committed, the defendant is denying by necessary implication, if not expressly, the allegations set forth in the charge.
>
> . . .
>
> *There is some conflict as to the burden and degree of proof of the defense of alibi. Some of this conflict may undoubtedly be explained by a failure to recognize the distinction between the burden of proof and the burden of going forward with the evidence.* Because the burden of presenting evidence of a fact peculiarly within the

---

[4]We note the Supreme Court has arguably retreated from the broad sweeps it made in *Mullaney*. In *Patterson v. New York*, 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319, 2325 (1977), the court approved a state statute which required a defendant in a prosecution for second–degree murder to prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance in order to reduce the crime to manslaughter. The court found the affirmative defense did "not serve to negative any facts of the crime which the State is to prove in order to convict for murder. It constitutes a separate issue on which the defendant is required to carry the burden of persuasion; . . ." The court noted that the death, the intent to kill and causation were the only facts the State was required to prove beyond a reasonable doubt in order to convict the defendant of murder under the New York statute.

defendant's knowledge may be placed upon him, it is proper to hold that the defendant must in the first instance go forward with evidence in support of his claim of alibi. *The matter is to a large degree academic because, in spite of variant forms of expression, it is generally held that the ultimate burden of proving the presence of the defendant at the scene of the crime at the time of its commission is upon the prosecution, rather than that the ultimate burden is upon the defendant to show that he was at another place. The defendant may succeed simply by raising a reasonable doubt of his presence at the scene of the crime at the time it was committed.*

(Citations omitted; italics ours.) 1 C. Torcia, *Wharton's Criminal Evidence* § 23, at 36–39 (13th ed. 1972). It is for those reasons that the courts in *Adams* and *Kubicek* directed that no alibi instruction be given. But as in *Adams* and *Kubicek* we find no reversible error in the giving of this instruction.

Judgment of the Superior Court is affirmed.[5]

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied April 5, 1978.

---

[5]The remainder of this opinion will not be published as it is not precedential.