[No. 2176–3.   Division Three.   April 13, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE EUGENE STALLWORTH, *Appellant.*

*William A. McCormick* and *Sensney, Davis & McCormick,* for appellant (appointed counsel for appeal).

*Curtis Ludwig, Prosecuting Attorney,* and *Dennis Yule, Deputy,* for respondent.

GREEN, J.—Clarence E. Stallworth was convicted by a jury of one count of murder in the first degree and one count of murder in the second degree, both while in possession of a deadly weapon, a .38 caliber revolver. He appeals that conviction.

Four issues requiring disposition are presented: (1) Does instruction No. 9 improperly shift the burden of proof regarding intent, an element of second–degree murder, from the State to the defendant? (2) Does instruction No. 14 improperly shift the burden of proof regarding excuse or justification from the State to the defendant? (3) Did the trial court err in failing to suppress the defendant's confession? (4) Did a police officer who testified about certain statements made to him by the defendant improperly rely on notes which were not admitted into evidence?

The homicides occurred in the late evening hours of February 8, 1976, following a collision on a freeway off–ramp outside Richland, Washington. Mr. Stallworth, the driver of one of the vehicles involved in the collision, testified that he and Ron Hall, the driver of the other vehicle, got into an argument about the accident. According to Stallworth, Hall approached him with a gun and as he was wrestling the gun away from Hall, the gun discharged and Hall was shot. When Hall approached again, Stallworth claims he shot Hall in self–defense. Stallworth disclaims any knowledge of the shooting of Manuel Hernandez, the passenger in Hall's vehicle. The State presented evidence contradicting Stallworth's testimony. A few days after the shootings, Stallworth was arrested in Portland, Oregon, on other charges, and Officers Moore and Lloyd of the Richland Police Department, along with a deputy prosecutor from Benton County, interviewed him while he was incarcerated there. Subsequently, he was charged with two counts of first–degree murder for the deaths of Hall and Hernandez, and he was tried in late September 1976, on these charges. He was convicted for the first–degree murder of Hall and the second–degree murder of Hernandez.

First, Mr. Stallworth assigns error to instruction No. 9 which reads:

When the killing of a human being by another is proven beyond a reasonable doubt, the law presumes that such killing constitutes murder in the second degree. The burden is upon the State to raise the charge to murder in the first degree by proof beyond a reasonable doubt. The defendant bears the burden of justifying his act or of reducing the charge to manslaughter.

Mr. Stallworth contends that this instruction violates the constitutional principles set forth in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), and in *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976), because it improperly shifts the burden of proving intent, an element of second–degree murder, from the State to the defendant.[1] We agree.

In *State v. Kroll, supra,* the court found that an instruction identical in all material points to the instruction at issue denied the defendant due process because it did not require the State to prove every element of the charge of second–degree murder. Second–degree murder statutorily involves the element of intent.[2] Under the instant instruction, the defendant has the burden of creating a reasonable doubt as to the absence of intent if he is to reduce the crime to manslaughter. Placing this burden on the defendant violates due process.

---

[1]We note that Mr. Stallworth's trial took place prior to the decision in *State v. Kroll, supra.* However, the principles of that decision apply to pending cases. *See Hankerson v. North Carolina,* 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). The Stallworth appeal, not having been disposed of at the time of *Kroll,* is a pending case to which *Kroll* applies.

[2]Stallworth was found guilty of one count of second–degree murder under RCW 9.48.040, which has been superseded by RCW 9A.32.050. RCW 9.48.040 read:

"The killing of a human being, unless it is excusable or justifiable, is murder in the second degree when—

"(1) Committed with a design to effect the death of the person killed or of another, but without premeditation; . . ."

■ However, the instruction here is only reversible error as to count 2, where Stallworth was found guilty of second–degree murder. A constitutional error can be harmless where the court is able to determine it to be harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1966). In the present case, the error is harmless as to count 1 where Stallworth was found guilty of first–degree murder because the instruction clearly placed upon the State the burden of proving beyond a reasonable doubt the elements of that charge. *State v. Kroll, supra.*

Second, Mr. Stallworth asserts that the court erred in giving instruction No. 14 because that instruction unconstitutionally placed upon him the burden of proving beyond a reasonable doubt that the killing was excusable or justifiable. We agree.

The court instructed as follows:

Every killing of a human being is presumed in law to be without excuse or justification. Any matter of excuse or justification that may exist for such killing, if such killing you find to be a fact, is a matter of defense and the State is not required to prove to you affirmatively that no such excuse or justification existed. It is required, however, that you be convinced, from all the facts and circumstances surrounding the transaction, beyond a reasonable doubt, that such killing was without excuse or justification, as the same has been defined to you in these instructions.

■ This instruction, particularly when coupled with the last sentence in instruction No. 9, *i.e.,* that "Defendant bears the burden of justifying his act", is erroneous. The State has the duty to prove every element of the crime beyond a reasonable doubt, and lack of excuse or justification is an element of both first– and second–degree murder as defined in RCW 9.48.030 and .040.[3] *See State v.*

---

[3]As we noted earlier, RCW 9.48.040 has been superseded by RCW 9A.32.050. (See footnote 2 for text of RCW 9.48.040.) Also, the first–degree murder statute under which Mr. Stallworth was charged, RCW 9.48.030, has been superseded by RCW 9A.32.030. RCW 9.48.030 read:

"The killing of a human being, unless it is *excusable* or justifiable, is murder in the first degree when committed either—

*Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977).[4] Therefore, this instruction constitutes reversible error as to both counts upon which Mr. Stallworth was convicted. We must remand for a new trial.

Although Mr. Stallworth does not assign error to instruction No. 17 relating to self–defense, we note that it is materially the same as the instruction challenged in *State v. Roberts, supra,* which the court found to be unconstitutional. Therefore, the instruction should not be given in Mr. Stallworth's retrial.

Instruction No. 17 states:

When a defendant claims that he killed another in the defense of his own person, the burden is upon the defendant to prove that the homicide was done in self–defense. It is not necessary for a defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. A defendant sustains this burden of proof if from a consideration of all the evidence in the case you have a reasonable doubt as to his guilt.

██ In *Roberts,* the court stated that the obligation to prove the absence of self–defense must remain at all times with the prosecution, even though it is permissible to place upon the defendant the initial obligation to produce evidence tending to establish self–defense. *State v. Roberts, supra* at 345. If the defendant does come forward with evidence which the court deems sufficient to raise an issue of justification, then that issue should be treated in the same manner as any other element of the crime. The court should instruct the jury as to the law of justification and then simply inform the jury that the State has the burden of proving absence of self–defense beyond a reasonable

"(1) With a premeditated design to effect the death of the person killed, or *of another* . . ." (Italics ours.)

The new statutes relating to first– and second–degree murder do not include absence of excuse or justification as one of the elements of those two crimes. *See State v. Stepp,* 18 Wn. App. 304, 309 n.1, 569 P.2d 1169 (1977).

[4]*State v. Roberts, supra,* was decided after the Stallworth trial but is applicable to pending cases, including a case on appeal. *See State v. Modica,* 18 Wn. App. 467, 569 P.2d 1161 (1971).

doubt. *State v. Roberts, supra* at 346. In the instant case, Mr. Stallworth did testify that he acted in self–defense. If the trial court deems this testimony sufficient to raise the issue of self–defense, it must instruct the jury that the State has the burden of proving the absence of self–defense beyond a reasonable doubt.

Third, Mr. Stallworth asserts that various incriminating statements made by him to Officers Moore and Lloyd of the Richland Police Department during an interview while he was incarcerated in Portland, Oregon, should not have been admitted into evidence at trial. He contends that the statements are incomplete, although the officers had the full opportunity to record the entire conversation. He also claims that he was not given the opportunity to have his Oregon counsel, who was appointed to represent him on the Oregon charge, present at this interview.

The trial court's determination that the defendant was properly informed of his constitutional rights, including the right to have counsel present, and that the defendant thereafter made the statements voluntarily is supported by the record. The constitution does not prohibit the prosecution or its agents from communication directly with an arrested person represented by counsel. *State v. Vidal*, 82 Wn.2d 74, 78, 508 P.2d 158 (1973); *State v. Nicholson*, 77 Wn.2d 415, 463 P.2d 633 (1969); *State v. Riley*, 19 Wn. App. 289, 576 P.2d 1311 (1978). In such a case, there is a heavy burden on the State to show that the person's statement was voluntary. The testimony of Officers Moore and Lloyd that they informed Mr. Stallworth of his right to have counsel present during the interview and that he freely and knowingly waived that right is sufficient to meet that burden.

Nor are the statements inadmissible because they are incomplete. It is the general rule that when a confession is introduced, the defendant has the right to require that the whole statement be placed before the jury. This rule is designed in part to cover cases where the defendant, after admitting commission of the crime, is prevented from going

further and saying anything which might explain or justify his act. *United States v. Wenzel,* 311 F.2d 164 (4th Cir. 1962). The court is not required to suppress incomplete statements when the defendant has a full opportunity to present testimony as to statements not included in the admitted confession. *People v. Newman,* 127 Cal. App. 430, 273 P.2d 917, 919 (1954).

Here, Mr. Stallworth does not contend that he was prevented from explaining or justifying the admitted actions during the actual interview by the Richland police officers. Nor is there anything in the record to indicate that the officers' testimony was not a complete statement of the interview. Moreover, since Mr. Stallworth chose to testify at trial, he was afforded the opportunity to testify as to any omitted statements.

Fourth, Mr. Stallworth contends that the testimony of Officer Moore concerning statements made by him during the interview in Portland was improper because, in testifying, the officer made use of written notes prepared by the deputy·prosecutor during the interview. Mr. Stallworth's counsel objected on several occasions that Officer Moore was reading from the notes. It is apparent from the record and the clerk's papers that the notes used and the officer's testimony are substantially similar and in some cases identical. However, the officer specifically stated that he could testify to the statements from memory and that he was using the notes merely to refresh his memory as to the sequence of the interview.

In *State v. Little,* 57 Wn.2d 516, 521, 358 P.2d 120 (1961), the court stated that the criteria for the use of notes or other memoranda to refresh a witness' recollection are:

(1) that the witness' memory needs refreshing, (2) that opposing counsel have the right to examine the writing, and (3) that the trial court be satisfied that the witness is not being coached—that the witness is using the notes to aid, and not to supplant, his own memory.

Here, the witness stated that his memory needed refreshing, and defense counsel examined the notes. Further, the trial judge, based on his observations, specifically found that the notes were not used improperly. The judge stated that he did not observe Officer Moore reading from the notes. The use of notes to refresh the memory of witnesses must be closely supervised by the trial court, for, as in so many other fields of the law of evidence, the sound discretion of the trial court is the most effective safeguard. Here, we find no abuse of discretion on the part of the trial court in allowing Officer Moore to use the notes.

For the purposes of retrial, it is not necessary that we reach the defendant's remaining assignments of error.

Reversed and remanded for trial.

MUNSON, C.J., and ROE, J., concur.

Reconsideration denied May 12 and 16, 1978.