[No. 2984–2. Division Two. February 20, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DOROTHY LAVONNE SAVAGE, *Appellant.*

*Tanner, McGavick, Felker, Fleming, Burgess & Lazares,* and *Danny E. Lazares,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, C.J.—Defendant, Dorothy Savage, appeals her conviction by a Pierce County jury of second–degree murder. On appeal, she challenges a number of jury instructions and further challenges two rulings relative to the order in which her evidence came in at trial. We find no reversible error and affirm the conviction. The pertinent facts of the case follow.

Between 10:30 and 11 p.m. on March 7, 1977, the defendant shot and killed her husband, Daniel Savage. At trial and several other times defendant admitted firing the fatal shot. The only real dispute at trial involved whether she acted in self–defense when she killed her husband. Defendant is the only surviving witness to what actually happened when Daniel Savage died.

The State's evidence, if believed, indicated that the deceased, who was intoxicated (his blood alcohol content

was about .25 percent), was shot while he was lying on his stomach on his bed. The gun was held no more than 12 inches from Mr. Savage's head, almost directly above the front of his right ear. A single shot penetrated through Mr. Savage's skull and brain and emerged just above the left ear. The weapon was found loaded and cocked in preparation for a second shot.

The defendant, on the other hand, presented evidence which, if believed, would show a violent struggle during which Mr. Savage produced a pistol and defendant, after picking it up off the floor, somehow fired it. In support of her theory, defendant produced testimony of a number of incidents of violence stretching over the 3 years the parties had been married and the preceding 9 years they had lived together. All this testimony painted Mr. Savage as a brutish individual who drank to excess and beat defendant regularly and brutally. Nevertheless, a medical examination of the defendant within hours of the shooting disclosed no fresh injuries except one small bruise on her left hand.

■■ The jury apparently accepted the State's version of the killing and convicted defendant of second–degree murder. We first consider issues raised because of the order in which defendant sought to present her case at trial. The first witness called was asked to describe acts of violence he had seen Mr. Savage direct toward defendant. This evidence, which was offered before any proof had come in on the question of self–defense, was timely objected to. This objection triggered an extended colloquy outside the presence of the jury. Early in this discussion, the trial court properly indicated that testimony about the victim's prior bad conduct was not admissible until there was evidence of self–defense in the case. *State v. Cloud,* 7 Wn. App. 211, 498 P.2d 907 (1972); *State v. Adamo,* 120 Wash. 268, 207 P. 7 (1922).

After further discussion, the trial court indicated that the objectionable testimony could be presented out of order if defendant was prepared to assure the court that the requisite testimony on self–defense would be forthcoming later

in the defense case. In so doing, the trial court demanded assurance only that the record would not be filled with what could be irrelevant testimony. Defendant was not compelled, by the giving of the assurance the trial court asked, to testify in violation of her Fifth Amendment rights, as she now asserts. Had defendant refused to give an assurance she would testify on the subject of self–defense, the objection would have been sustained and, at worst she might have had to change the order in which her proof was offered. Defendant's counsel and defendant both readily agreed that she was going to testify, since she wished to present a version of the facts which no other witness could present because of the circumstances of the killing. Defendant is bound by such a tactical decision. *State v. Newman,* 4 Wn. App. 588, 484 P.2d 473 (1971). The trial court has wide discretion to admit evidence out of order, and to require assurance that evidence so admitted will be tied in later in the case. *State v. Whetstone,* 30 Wn.2d 301, 191 P.2d 818 (1948). No abuse of that discretion is present in this case.

■ The other matter arising out of the presentation of evidence out of order is whether the trial court's instruction[1] to the jury, given after the colloquy, constituted a comment on the evidence. There are at least two independent grounds for finding that this assignment of error lacks merit. First of all, defendant's trial counsel not only did not object to the instruction, but, in fact, the report of proceedings suggests that he either authored or agreed to the language of the instruction. Defendant thus cannot object to the instruction. *Martin v. Huston,* 11 Wn. App. 294, 522 P.2d 192 (1974).

■ Second, we find that the instruction as given did not constitute a comment on the evidence. The instruction does not communicate to the jury the trial court's evaluation of

---

[1]This instruction reads:

"Ladies and gentlemen of the jury, you are instructed that the court is going to allow certain testimony to be presented out of order. If certain other evidence is

any testimony or other evidence in the case. Indeed, it does not even tell the jury what evidence the instruction refers to. Since there is no element of the trial court's personal evaluation of the evidence in the instruction, it is not a comment on the evidence which is forbidden by Const. art. 4, § 16. *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974).

■ Defendant next challenges a number of the trial court's instructions to the jury. With two exceptions, discussed below, defendant cites no authority in support of her argument that any of these instructions are erroneous. The claimed errors do not appear to be meritorious on their face. Indeed, some of the instructions objected to appear to be beneficial to the defendant, rather than to the State. This court will not consider assignments of error unsupported by authority unless they appear to have merit on their face. *State v. Kroll,* 87 Wn.2d 829, 548 P.2d 173 (1976). Indeed, assignments of error not supported by argument are considered to be abandoned. *Lassila v. Wenatchee,* 89 Wn.2d 804, 576 P.2d 54 (1978).

■ The first assignment of error which is directed to an instruction and supported by authority relates to instruction No. 17.[2] Specifically, the claimed vice in the instruction lies in its last sentence, which requires the

---

not later presented by the defense, the court will direct you to disregard this earlier testimony or evidence submitted out of order.

"If this should come to pass, the court will be specific with you as to the evidence the court is referring to."

[2]This instruction reads:

"The intent with which an act is done is a mental process and as such generally remains hidden within the mind where it is conceived and is rarely, if ever, susceptible of proof by direct evidence, but must be inferred or gathered from outward manifestations by the words or acts of the party entertaining them, and the facts or circumstances surrounding or attendant upon the act with which it is charged to be connected.

"The law presumes that a person intends the ordinary, natural and probable consequences of his voluntary acts. This is a disputable presumption and may be overcome by evidence to the contrary. If you should find that the defendant killed Daniel Savage, then in determining the question of intent it is important that you

presumption to prevail absent contrary evidence. In our view, use of this last sentence would, in many circumstances, violate the rule set forth in *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). Continued use of instruction No. 17, without deletion of the last sentence, certainly should be discouraged. *See* WPIC 6.25, 11 Wash. Prac. 84 (1977). In the present case, however, any error associated with instruction No. 17 is harmless. This is because in the present case there is voluminous evidence which, if believed by the jury, would negate any criminal intent and establish a justification for the killing. Indeed, the whole defense was pointed at establishing not that the defendant did not intend to kill her husband, but that she did so in self-defense. Thus in this particular case, giving instruction No. 17 is harmless error which could not have affected the outcome of the case. *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977).

The final assignment of error relates to instructions Nos. 6 and 21.[3] The argument advanced is that these

consider the means by which the killing was accomplished. If you should find that he used a deadly weapon without excuse or justification and in such a manner as to imperil life, such facts support an inference of felonious intent, an inference which, however, must be weighed against any contrary evidence. *If and when the evidence shows that one person assailed another violently with a dangerous weapon likely to kill, and which in fact did kill the person attacked, such evidence gives rise to a presumption that the assailant intended death or great bodily harm.*" (Italics ours.)

[3]These instructions read:

"To constitute the crime of Murder in the Second Degree in the case before you, it will be necessary for the State to satisfy you beyond a reasonable doubt of the truth of each of the following elements:

"1. That Daniel Savage was killed on or about the 7th day of March, 1977;

"2. That the killing was done by Dorothy Lavonne Savage, the defendant;

"3. That the killing took place in Pierce County, Washington;

"4. That the killing not being justifiable or excusable, was done with intent to cause the death of Daniel Savage, but without premeditation;

"If you find all of the above, you will find the defendant, Dorothy Lavonne Savage, guilty of the crime of Murder in the Second Degree." (Instruction No. 6.)

"When a defendant claims that she killed another in self defense of her own person, the burden is upon the defendant to produce some evidence that the homicide was done in self defense. It is not necessary for the defendant to prove

instructions, when read together, are confusing or, in the alternative, shifted the burden of proof of self-defense to the defendant in violation of the rule in *State v. Roberts, supra.* First of all, we do not see how the jury could be confused by the two instructions. Instruction No. 6 sets out the elements of the crime defendant was convicted of and requires the State to prove each of those elements. Instruction No. 21 is the other side of the same coin. It requires the defendant to bring forward evidence of self-defense which in turn, if believed, defeats the State's attempt to prove an element of the crime. Contrary to defendant's position, these two instructions are not inconsistent nor do they misstate the law. Further, it is not unconstitutional to place a burden of persuasion on the defendant on the matter of self-defense as that concept is defined by RCW 9A.16.050. *State v. Bradley,* 20 Wn. App. 340, 581 P.2d 1053 (1978).

In summary, we conclude that the trial court conducted the trial of this case in a manner that was fair to the defendant. The jury, acting under instructions that did not contain reversible error, found her guilty. The conviction is therefore affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied March 27, 1979.

Review granted by Supreme Court June 15, 1979.

---

this to you beyond a reasonable doubt, nor by a preponderance of the evidence." (Instruction No. 21.)