[No. 7828-3-I. Division One. December 15, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. AUGUSTUS JOSEPH WILLIAMS, JR., *Appellant.*

*A. J. Meyers* and *Hane & Meyers*, for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Marc Boman, Deputy,* for respondent.

DORE, J.—Defendant appeals from his conviction on three counts of assault in the second degree. We affirm.

## ISSUES

1. Did the trial court err in refusing defendant's requested instruction which placed the burden on the State to prove, beyond a reasonable doubt, the absence of justification?

2. Was the jury correctly instructed as to the standard for determining whether the defendant had probable cause to effectuate a lawful citizen's arrest?

3. Did the trial court give the jury contradictory instructions regarding culpability for injuring an innocent bystander?

## FACTS

Defendant was married for 11 years to Pam Williams. Subsequent to the couple's dissolution of marriage, the defendant continued to frequently see his ex–wife and their children. Pam Williams began living with Ricky Lee Jones about one and a half years after she and the defendant

were divorced. Pam and Jones had an argument and on July 18, Jones broke some items in Pam's house. Jones had previously threatened and slapped Pam. Pam filed a criminal complaint against Jones. All of this information was communicated to defendant, who was also aware that Jones was involved in prostitution and narcotics.

On July 30, Jones destroyed much of Pam's personal property in her home. Defendant believed that Jones and a friend, Young, had threatened to kill Pam and defendant's two children. Defendant looked for Jones and Young on July 30. His intention was to apprehend Jones for the police so that Jones could answer for the damage done to Pam's house. Defendant believed that Jones and Young would be armed; therefore he armed himself with a .38 revolver.

Defendant located Jones and Young at a park on the evening of July 30. Defendant admits shooting at Jones (count 1, assault in the first degree), and Young (count 2, assault in the first degree). Jones was hit by a bullet as was Natasha Carroll (count 3, assault in the second degree), an 11–year–old innocent bystander.

Defendant contended that the shooting was in self–defense, in defense of others, and for the purpose of effecting a lawful citizen's arrest. Defendant was found guilty as charged on count 3, and found guilty of the lesser included offense of assault in the second degree on counts 1 and 2.

## DECISION
ISSUE 1: Trial court properly denied defendant's proposed instruction.

Defendant contends that it was error for the trial court to refuse his proposed instruction on the burden of proving justification. That instruction[1] placed the burden on the

---

[1]Proposed instruction No. 11 reads as follows:

"A person claiming self–defense or the defense of others has the obligation to produce some evidence tending to establish self–defense or defense of others, but the prosecution retains the burden of proving the absence of self–defense or the defense of others, beyond a reasonable doubt."

State to prove, beyond a reasonable doubt, the lack of justification, once the defendant has produced some evidence of self–defense or other justification.

▮ Defendant relies on *State v. Roberts,* 88 Wn.2d 337, 346, 562 P.2d 1259 (1977), which held:

> If evidence is presented which is deemed sufficient by the court to raise an issue as to the question of possible justification, that element should be treated in the same manner as any other. The jury should be instructed as to the pertinent aspects of the law of justification in homicide cases and then simply informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt.

Under the old statute, which was before the *Roberts* court, the absence of justification was an element of the crime. It is settled law that the State has the burden of proving beyond a reasonable doubt every element of the crime[2] included in the definition of the offense charged. *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

▮ Under the current assault and homicide code sections (RCW 9A.36 and RCW 9A.32 respectively) the absence of justification is no longer an element of these crimes. This court has consistently held that *Roberts* does not apply to self–defense instructions in prosecutions for assault and homicide under the new criminal code.[3] *State*

---

[2]Defendant also objected to the court's refusal to give its proposed instruction No. 12, which would include lack of justifiable cause as an element of the crime of assault.

[3]Defendant asserts that our state Supreme Court has indicated that it will find *Roberts* applicable even under the new criminal code. Defendant relies on *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979) for support. We believe this reliance is misplaced. In *King,* defendant contended that even under the new criminal code, the State has the burden of proving absence of self–defense beyond a reasonable doubt. The Court of Appeals held *Roberts* inapplicable. The legislature had shifted the burden from the State to the accused by removing excuse or justification from the language of the statute. This shift was constitutionally permissible under *Patterson v. New York, supra. State v. King,* 22 Wn. App. 330, 589 P.2d 306 (1979). On review, the Supreme Court construed the instructions given as keeping the burden with the State. Therefore, even accepting King's

*v. Bradley,* 20 Wn. App. 340, 343, 581 P.2d 1053, *review denied,* 91 Wn.2d 1002 (1978), and cases cited therein. No longer is the burden on the State to prove, beyond a reasonable doubt, the absence of justification.

Issue 2: Standard for determining probable cause to arrest properly given to jury.

Defendant objects to the court's instruction No. 15 which follows:

A private person who has probable cause to believe that a felony has been committed by another may lawfully arrest that person. Probable cause exists where the facts and circumstances within the private person's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.

He argues that it was error to require defendant to show the trustworthiness of the information.

■ The standard of probable cause for a warrantless arrest on a felony by a police officer was enunciated in *State v. Gluck,* 83 Wn.2d 424, 426–27, 518 P.2d 703 (1974).

Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in a belief that an offense has been or is being committed.

This language from *Gluck* was transformed into instruction No. 15, changing the words "arresting officer" to "private citizen."

The probable cause standard for felonies applicable to police officers has been applied when the arrest is made by a citizen. *State v. Darst,* 65 Wn.2d 808, 811–12, 399 P.2d

argument that *Roberts* should apply, the court reasoned that King was not prejudiced by the refusal of his instruction. The state Supreme Court explicitly refused to review the Court of Appeals determination that the legislature had shifted the burden.

618 (1965); *State v. Jack,* 63 Wn.2d 632, 637, 388 P.2d 566 (1964). The *Gluck* standard applies when the arrest is made by a private citizen.

Issue 3: Jury properly instructed regarding bystander.

Through instruction No. 12, the jury was instructed that to find defendant guilty of a second degree assault against the 11–year–old girl, it must be proven that (1) the defendant caused her injury, (2) the injury was caused by a weapon, (3) the defendant acted with criminal negligence, and (4) the act occurred in King County. Through instruction No. 13, the jury was instructed that the defendant would not be culpable for injuring the young girl if defendant "was justified under the circumstances in using or attempting to use force in self–defense or in defense of another; or in making a lawful arrest."[4] Defendant argues that these instructions require him to prove justification or excuse as to his assaults on Jones and Young before he can claim excuse for his causing injury to the bystander. He asserts that proof as to the assault on the girl must be independent of the other counts.

The defendant cites no authority for his contention that instruction No. 13 was erroneous, therefore we need not consider it on appeal. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977); *State v. DeCuir,* 19 Wn. App. 130, 574 P.2d 397 (1978). Inasmuch as exceptions were taken to two related instructions, we will rule on the merits.

■ The instructions, when read as a whole, permit the defendant to argue his theories of the case. Furthermore, instruction No. 13 is a correct statement of the law. It was not error for those instructions to be given to the jury.

---

[4]This instruction also informed the jury that the defendant would be removed from culpability for this assault if the defendant "unintentionally injured the bystander; and [defendant] did not act with criminal negligence which resulted in the injury to the bystander."

854

Affirmed.

SWANSON and WILLIAMS, JJ., concur.