[Crim. No. 3211.    Fourth Dist., Div. One.    July 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID LEE
JAMES et al., Defendants and Appellants.

John H. Stone, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

AULT, J. pro tem.*—Appellants James and Burnett were charged in count I of the information with the crime of pimping (Pen. Code, § 266h). Appellants James, Burns and Burnett were charged in count II with the crime of conspiracy to commit prostitution and in count III with the crime of conspiracy to cheat and defraud. Counts II and III were alternative, and the five overt acts alleged in connection with each were identical. James was also charged with four prior felony convictions and Burnett was charged with one prior felony conviction.

The jury found James and Burns guilty of conspiracy to cheat and defraud and James and Burnett guilty of pimping. All three appellants were found not guilty of conspiracy to commit prostitution and Burnett was acquitted on the charge

*Assigned by the Chairman of the Judicial Council.

of conspiracy to cheat and defraud. Appellants were sentenced to prison and each has appealed from the judgments of conviction.

On June 16, 1967, at approximately 1 a.m., Burnett stopped a young sailor who was returning to his ship after drinking all evening in three downtown San Diego bars. Burnett asked the sailor if he wanted a woman; the sailor said yes. Burnett went into a nearby bar and returned, followed by the woman, Burns. Burnett requested and received $5 from the sailor.

Burns and the sailor rented a room in a hotel and the sailor paid Burns $20. James stood in the hallway outside the rented room, and, after Burns and the sailor entered the room, banged on the door demanding a $2 service charge. The sailor opened his wallet and Burns reached over his shoulder and took a $20 bill and a $1 bill which she gave to James. James left, but returned later with a bottle of liquor. All three had a drink and James again departed.

Burns took the sailor's wallet which now contained $2 and took one of the dollars. She returned the other with the wallet saying "One for you and one for me." Burns then left the room on a pretext. The sailor waited in the room for approximately 15 minutes, and when Burns did not return, left the hotel and summoned the police. After an investigation the police arrested the three defendants.

■ All three appellants attack the sufficiency of the evidence to support the convictions, arguing the evidence showed the young sailor had had 10 alcoholic drinks during the evening. The evidence supports the jury's conclusion the sailor was sufficiently in control of himself to perceive what happened on the night in question and to relate it accurately at the trial. The weight to be accorded his testimony was for the trier of fact.

■ Defendants generally assert, "There does not appear to be a specific intent instruction [regarding conspiracy] couched in any of the language used by the trial court in instructing the jury here." Defendants were all charged with conspiracy to commit the crime of prostitution and conspiring to cheat and defraud. Burnett was not convicted on either conspiracy count and any error in instructing on conspiracy would be harmless as to him. Defendants do not specify any error in the instructions as given and do not propound any instructions they contend should have been given. Their generalized attack is but an invitation to this court to examine the record for error, a task we need not undertake.

Apparently defendants contend the court should have instructed the conspirators must have a specific intent to violate the law as they cite 1 Witkin, California Crimes, section 108, page 104, which states that proposition. The trial court told the jury conspiracy was: An agreement or understanding to commit an unlawful act; to accomplish by united action an unlawful purpose or a lawful purpose, by unlawful means; and a criminal partnership to do an unlawful act.

The instructions appear to be correct and cover the subject matter of specific intent to commit a crime. ■ Where instructions are correct so far as they go and the only objection is they are inadequate by reason of generality, indefiniteness, or incompleteness it is necessary the defendant request amplification of the instructions in the court below to preserve his claim of error on appeal. (*People* v.*Starkey,* 234 Cal.App. 2d 822, 829 [44 Cal.Rptr. 738].)

■ Over objection the prosecution offered and the court admitted into evidence certified copies of two municipal court records showing Burns had been convicted of disorderly conduct in engaging in an act of prostitution in 1963 and had pleaded guilty in 1966 to a charge of disorderly conduct involving soliciting an act of prostitution. The record of these convictions was offered by the People for the specific purpose of proving Burns was a prostitute, a necessary element of the pimping charge against James and Burnett. At the time the records were admitted into evidence, the court instructed the jury:

"THE COURT: The jury is admonished at this time that People's 2 and 3 are received for a limited purpose.

"One of the elements of the crime charged in Count One alleged that Ruthie Muriel Burns was a prostitute. And these are offered by the People to establish that element that she was a prostitute. However, it's limited for that purpose and that purpose only and not to show knowledge on the part of the defendants that they knew she was a prostitute."

The records of Burns' two prior convictions relating to prostitution were inadmissible to prove Burns was a prostitute in connection with the pimping charge against James and Burnett for two reasons. The fact Burns was convicted of prostitution in 1963 and pleaded guilty to soliciting an act of prostitution in 1966 is not relevant to the pimping charges brought against James and Burnett growing out of the incident which took place in June 1967. The requirement is that she be a prostitute at the time of the alleged offense and in

connection with the activities with which the defendants were charged. (Pen. Code, § 266h.) Burns' previous convictions had no tendency to establish that element of the offense, and no effort was made by the People to connect the defendants James and Burnett with the incidents resulting in those convictions.

The convictions were offered and were admitted to prove the truth of the matter stated that Burns was a convicted prostitute. The records of the convictions were hearsay, and inadmissible unless otherwise provided by law. (Evid. Code, § 1200.)

Evidence Code, section 1300 provides the only exception to the hearsay rule in connection with judgments of convictions. It reads: "Evidence of a final judgment adjudging a person guilty of a crime punishable as a felony is not made inadmissible by the hearsay rule when offered in a civil action to prove any fact essential to the judgment unless the judgment was based on a plea of nolo contendere."

Section 1300 does not apply where, as here, the judgments relate to crimes punishable as misdemeanors and are offered in a criminal, rather than civil, action. The Law Revision Commission comment to section 1300 states: "The exception does not, however, apply in criminal actions. Thus, Section 1300 does not permit the judgment to be used in a criminal action as evidence of the identity of the person who committed the crime or as evidence that the crime was committed."

The Attorney General urges Burns' prior convictions of prostitution and soliciting were admissible under the rule permitting evidence of other similar acts or offenses as tending to show a course of conduct on her part. The argument ignores the hearsay rule previously discussed and is unsound in other respects. Here, as indicated, Burns was not a defendant in the pimping charge, in connection with which the records were admitted. The rule permitting the introduction of evidence of other acts or offenses to show similarity of conduct has so far been limited to other acts or offenses committed by the defendant, and we know of no case where it has been used to permit the showing of other offenses committed by a third person. Furthermore, we think it implicit in the rule permitting evidence of other similar acts and offenses that they be proved by direct testimony and not by a record of conviction from which the necessary similarity does not appear and cannot be demonstrated. Even where prior similar acts and offenses are shown by direct testimony, the further proof the

acts resulted in conviction is improper. (Fricke, Cal. Criminal Evidence, (7th ed.) p. 318; *People* v. *Burnett,* 21 Cal.App.2d 613, 618 [69 P.2d 1028].)

The court specifically instructed the jury the inadmissible records of conviction could be used to prove Burns a prostitute in connection with the pimping charge. Absent this evidence, there is nothing in the record to establish that fact. Proof the female involved is a prostitute is essential to a conviction of pimping. (Pen. Code, § 266h; *People* v. *Tipton,* 124 Cal.App.2d 213, 217 [268 P.2d 196].) Certainly the requirement of the code section that the defendant know the woman he solicits for is a prostitute presupposes she is in fact a prostitute.

The facts of the incident involved will not support a finding Burns was a prostitute. No act of intercourse took place between Burns and the sailor. Moreover, all defendants were charged with conspiracy to commit prostitution and with conspiracy to cheat and defraud. The jury was instructed it could find defendants guilty of either conspiracy, but not both. The jury acquitted all defendants of the charge of conspiracy to commit prostitution, but found James and Burns guilty of conspiracy to cheat and defraud. Implicit in the verdicts is the finding Burns did not act as a prostitute in this instance, but as a thief. Thus the only evidence to support a finding that Burns was a prostitute in connection with the pimping charge was the erroneously admitted record of her prior convictions.

We do not believe the error in admitting the prior convictions requires a reversal of the judgment convicting Burns and James of the crime of conspiracy to cheat and defraud. Proof that Burns was a prostitute was not necessary to sustain that charge. Ordinarily improper proof of such conviction would require reversal, but in the instant case the sordid facts and surroundings properly brought out concerning the events which took place on June 16, 1967, are in themselves more prejudicial than the fact of Burns' prior convictions. While she did not engage in the ultimate act of prostitution on this occasion, she was perfectly willing to play the role of prostitute leading up to that ultimate act in order to bilk a young sailor out of the contents of his wallet. We doubt the fact the jury became aware she had played that role twice before and had on one of those occasions gone one step farther, influenced its decision to convict James and Burns of conspiracy to cheat and defraud. In connection with that

charge, the evidence is too clear and convincing to permit us to believe there has been a miscarriage of justice. (Cal. Const., art. VI, § 13.)

Appellants also contend this court erred in refusing their earlier application to augment the record on appeal to include a transcript of the argument of counsel at the trial. The application to augment the record specified no errors claimed to have occurred in argument and no reasons why the requested augmentation would be material to the appeals. It was thus defective and failed to comply with the rules on appeal. (Rule 33, Cal. Rules of Court; *People* v. *Hill,* 67 Cal.2d 105, 122-123 [60 Cal.Rptr. 234, 429 P.2d 586].) Appellants were given the opportunity by this court to file an amended application but failed to do so. In their brief, appellants have again failed to specify reasons why the requested augmentation would be material to their appeals. Appellants' contention is without merit.

The judgments convicting appellants James and Burns of conspiracy to cheat and defraud are affirmed. The judgments convicting appellants James and Burnett of pimping are reversed.

Coughlin, Acting P. J., and Whelan, J., concurred.