[Crim. No. 15691. First Dist., Div. Four. Feb. 9, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
GAYLE E. SOLES, Defendant and Appellant.

COUNSEL

Richard N. Dinallo, under appointment by the Court of Appeal, and O'Gara, Friedman, Egenes & Burke for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and James D. Hurwitz, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Gayle E. Soles appeals from a judgment of imprisonment which was rendered after a jury found her guilty of possession of heroin (Health & Saf. Code, § 11350).

There is no claim of trial error; the appeal is based solely on a contention that the court should have granted appellant's pretrial motion to suppress evidence. Appellant contends that the evidence seized in the motel room occupied by appellant and her associates should have been excluded because the entry was based on information obtained by telephone eavesdropping on the part of the motel manager. ■ Section 631 of the Penal Code, cited in appellant's brief, has no application: it prohibits wiretapping, and here there was no wiretap; the manager listened to the conversations by staying on the line after she had connected incoming calls with the telephone in the room.

Although the possible effect of section 632 of the Penal Code (electronic eavesdropping on confidential communications) is not mentioned in appellant's brief, the issue was argued in the trial court and will therefore be discussed briefly. The statute does not prohibit eavesdropping in general; it applies only to the use of "any electronic amplifying or recording device" to eavesdrop upon or record a confidential communication. ■ A telephone extension, not equipped with features for amplification[1] or recording, is not an "electronic amplifying or recording device." The action of the motel manager in staying on the line was not electronic eavesdropping within the meaning of the statute.

---

[1] The distinction is exemplified by the provision in subdivision (f) of section 632 of the Penal Code, exempting hearing aids, which are electronic devices for amplifying sound.

■ Moreover, the telephone conversations of the tenants, in aid of criminal activity, were not confidential, within the meaning of the statute, as against the manager of the motel. She had reason to suspect that the tenants were engaged in prostitution or in selling narcotics. Her awareness of such activities might ripen into guilty knowledge, subjecting her to penalties for maintaining a place where narcotics are sold (Health & Saf. Code, § 11366) or maintaining a house of prostitution (Pen. Code, § 316). Her lawful right and duty to guard against misuse of her property for purposes of prostitution or narcotics trafficking excluded the tenants from entertaining a reasonable expectation of privacy, as against the manager. (Cf. *People* v. *Mahoney* (1975) 47 Cal.App.3d 699, 720 [122 Cal.Rptr. 174].) Therefore, the conversations were not confidential within the meaning of the statute, as against the manager. This result is congruent with the rule that when there is reason to suspect that a hotel room is being used for an illicit purpose, the management may reassert control to the extent necessary to carry out a protective search. (See *People* v. *Minervini* (1971) 20 Cal.App.3d 832 [98 Cal.Rptr. 107].)

Appellant contends that because there was no emergency, the officers, even if they had probable cause to believe that crimes were being committed in the room, should have obtained a search warrant before entering (citing *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269 [294 P.2d 23]). Appellant concedes that Fugett, in whose name the room was registered, had consented to warrantless search, as a condition of probation. It is contended, however, citing *In re Martinez* (1970) 1 Cal.3d 641, 646 [83 Cal.Rptr. 382, 463 P.2d 734], that the officer who made the entry was not aware of the search condition attached to Fugett's probation. That contention is contrary to the record: the officer testified that before he went to the motel he had information that Fugett had, "as a condition of probation, waived his Fourth Amendment rights."

The judgment is affirmed.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied March 11, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.