[No. 2592-2.   Division Two.   May 25, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT MELVIN MAYES, *Appellant*.

*Carl D. Teitge* and *Sinnitt, Teitge & Sinnitt, Inc., P.S.,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, C.J.—The defendant, Robert Mayes, killed Wesley Cameron by stabbing him in the heart in a fight over some heroin. Mayes was charged with first–degree murder. RCW 9.48.030.[1] The major issue at trial was whether the killing was done in self–defense. The State argued that Mayes, a heroin addict, murdered Cameron, a heroin dealer, in order to steal his heroin. Mayes, on the other hand, said that Cameron sold him some milk sugar representing it to be heroin, and that when he (Mayes) discovered the deception, he confronted Cameron, who tried to strangle him. Mayes contended that he had to stab Cameron in order to save his own life.

At trial, Mayes was found guilty of the lesser–included offense of manslaughter. RCW 9.48.060.[2] On appeal, he raises four issues:

1. Whether the rule of *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), regarding burden of proof on self–defense, applies to cases tried before *Roberts* but pending appeal when *Roberts* was decided.

2. Whether a judgment of a previous conviction against the accused is admissible in a later trial to prove facts essential to the judgment which facts tend to prove an element of the crime for which the accused is on trial.

---

[1]RCW 9.48.030 has been superseded by RCW 9A.32.030, effective July 1, 1976.

[2]RCW 9.48.060 states in pertinent part: "Any homicide other than, murder in the first degree, or murder in the second degree, and not being excusable or justifiable is manslaughter."

3. Whether a private communication made outside the state of Washington and intercepted outside the state without the consent of all the parties is admissible in evidence in Washington.

4. Whether the trial court abused its discretion by refusing to allow defense testimony that Cameron had deceived other heroin addicts by selling them milk sugar instead of heroin.

We hold that the trial court improperly instructed on the burden of persuasion on the issue of self–defense and, therefore, we reverse and remand for a new trial. *State v. Roberts, supra.*

■■ *State v. Roberts* held that where the elements of a crime include absence of excuse or justification, the State bears the burden of persuasion on the issue of self–defense and must prove the absence of self–defense beyond a reasonable doubt. *Roberts* said it is unconstitutional to instruct the jury that the defendant bears any burden of proof in the matter. *State v. Roberts, supra* at 345–46. The only burden that the defendant bears is the burden of production which is not instructed upon because it is a question of law to be decided by the court.

The trial court, which did not have the benefit of *Roberts* at the time of trial, instructed the jury as follows:

> When a defendant claims that he killed another in self–defense of his own person, the burden is upon the defendant to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof if from a consideration of all the evidence in the case you have a reasonable doubt as to whether the killing was done in self–defense.

This instruction clearly violates *Roberts* because one of the elements of manslaughter under RCW 9.48.060 is absence of excuse or justification. Although the trial in this case took place 5 months before *Roberts* was decided by our Supreme Court, *Roberts* controls. *Roberts* applies retroactively to cases pending appeal at the time it was handed

down. *State v. Atkinson*, 19 Wn. App. 107, 112 n.1, 575 P.2d 240 (1978); *State v. Modica*, 18 Wn. App. 467, 569 P.2d 1161 (1977). *See also Hankerson v. North Carolina*, 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977).

Having found reversible error on one of defendant's assignments, we generally need not consider the remaining assignments. But where the case is remanded for a new trial, we will consider issues which may recur at the new trial. *See State v. Roberts, supra.* Defendant's remaining assignments of error involve evidentiary matters which are potential issues on remand.

Defendant's second assignment of error concerns the use of prior convictions of the accused as substantive evidence of the crime for which he is on trial. The State's theory of this case was that the defendant, Cindy Dickerson, Howard Brown, and Frances Nickel met in California, devised a plan to smuggle heroin to a prisoner at the federal penitentiary at McNeil Island, Washington, and carried out their plan on February 29, 1976. When the delivery was made, it was discovered that some of the heroin was missing. Defendant was singled out as the culprit and told to make up the deficit. The defendant, according to the prosecution, killed Wesley Cameron on March 2 in order to steal heroin from him. On March 3, Cindy Dickerson, Frances Nickel, and Howard Brown delivered this heroin to McNeil Island. Testimony by several of the State's witnesses tended to support this theory. Frances Nickel and Howard Brown testified that they had been tried in federal court in Seattle on conspiracy charges stemming from the heroin deliveries to McNeil prison. Defendant admitted on direct testimony that he had several prior convictions including a federal conspiracy conviction relating to the McNeil incidents.

Evidence that the defendant had participated in a conspiracy to deliver heroin was relevant either to show defendant's motive for killing Cameron, *State v. Goebel*, 36 Wn.2d 367, 218 P.2d 300 (1950), or as an inseparable part of the entire deed. *State v. Niblack*, 74 Wn.2d 200, 443 P.2d 809 (1968). Because the evidence was relevant, it was

admissible. even though it tended to prove commission of other crimes. *State v. Lew,* 26 Wn.2d 394, 399, 174 P.2d 291 (1946); *State v. Goebel, supra; see* 1 J. Wigmore, *Evidence* § 194b (3d ed. 1940). It was admitted, however, for a limited purpose, and not as proof of defendant's bad character. Consequently, the trial court gave the following instruction limiting the use of prior criminal acts and convictions:

Evidence has been received tending to show that the defendant and others committed and were convicted of a crime other than that for which the defendant is on trial.

Such evidence was not received and may not be considered by you to prove that the defendant is a person of bad character or that he has a disposition to commit crimes.

Such evidence was received and may be considered by you only for the limited purpose of determining if it tends to show a motive for the commission of the crime charged.

Additionally, any witness, including the defendant, who has testified in this case, who has previously been convicted of a crime, that fact is a circumstance which may be weighed and considered by you in the determination of what weight or credibility should be allowed his testimony as a witness in this case.

Defendant contends that this instruction is erroneous because it permits the jury to consider not only prior criminal acts, but also a judgment of a prior conviction as substantive evidence of motive.[3] Essentially, defendant's position is that a conviction cannot be used to prove the

---

[3]The trial court's instruction was a hybrid created by the trial court. The first three paragraphs are an adaptation of the *California Jury Instructions—Criminal* (CALJIC) 2.50 concerning evidence of other offenses.

Evidence has been received tending to show that the defendant committed [a crime] [crimes] other than that for which he is on trial.

Such evidence was not received and may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes.

Such evidence was received and may be considered by you only for the limited purpose of determining if it tends to show:

1. The identity of the person who committed the crime, if any, of which the defendant is accused;

truth of the facts essential to sustain the judgment because it is hearsay and therefore inadmissible. *See People v. James*, 274 Cal. App. 2d 608, 79 Cal. Rptr. 182 (1969). There appears to be no Washington law creating an exception to the hearsay rule for judgments of prior convictions. *See* 5 R. Meisenholder, Wash. Prac. § 545 (1965). *See also Seattle v. Jones*, 3 Wn. App. 431, 440, 475 P.2d 790 (1970), *aff'd*, 79 Wn.2d 626, 631, 488 P.2d 750 (1971). However, the view of a majority of other jurisdictions holds that if proof of conduct involving prior criminal acts is admissible, then judgments of prior convictions are also admissible. *People v. Formato*, 286 App. Div. 357, 143 N.Y.S.2d 205, 211 (1955), *aff'd*, 309 N.Y. 979, 132 N.E.2d 894 (1956); *State v. Jamerson*, 202 Kan. 322, 449 P.2d 542 (1969); 29 Am. Jur. 2d *Evidence* § 333 (1967); 22A C.J.S. *Criminal Law* § 690 (1961); 1 C. Torcia, *Wharton's Criminal Evidence* § 261

---

2. A motive for the commission of the crime charged;

3. The existence of the intent which is a necessary element of the crime charged;

4. That the defendant had knowledge of the nature of things found in his possession;

5. That the defendant had knowledge or possessed the means that might have been useful or necessary for the commission of the crime charged;

6. A characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case.

For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.

You are not permitted to consider such evidence for any other purpose.

*California Jury Instructions—Criminal* at 49–50 (3d rev. ed. 1970). Washington has no corresponding pattern instruction. The only Washington instruction which is similar is WPIC 5.30. *See Washington Pattern Jury Instructions—Criminal,* 11 Wash. Prac. 78 (1977).

The fourth paragraph is substantially similar to WPIC 5.05 concerning the use of prior convictions for impeachment.

Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you in deciding what weight or credibility should be given to the testimony of the defendant and for no other purpose.

*Washington Pattern Jury Instructions—Criminal,* 11 Wash. Prac. 70 (1977).

While it is not improper to combine instructions in the manner that the trial court did, we believe that the jury will more readily perceive the distinction between impeachment evidence and substantive evidence if separate instructions are given.

(13th ed. 1972). The Federal Rules of Evidence expressly create an exception to the hearsay rule for judgments of previous convictions, Fed. R. Evid. 803 (22), and a similar exception is contained in the Uniform Rules of Evidence. Uniform R. Evid. 803 (22).[4]

We agree with the majority view and the federal rule. Judgments of previous convictions, entered after a trial or plea of guilty, adjudging a person guilty of a felony, are admissible against the accused in order to prove any fact essential to sustain the judgment. Our holding, of course, does not eliminate the obligation of the trial court to determine whether the probative value is outweighed by the prejudice to the defendant. *State v. Goebel, supra* at 368–79; *State v. Coleman,* 19 Wn. App. 549, 576 P.2d 925 (1978); *see* E. Cleary, *McCormick's Handbook of the Law of Evidence* § 190 (2d ed. 1972). The trial court did not abuse its discretion in this case. The underlying criminal act of conspiracy to distribute heroin to a federal prisoner was relevant and had been testified to by witnesses having firsthand knowledge. The judgment of conviction was introduced by the defendant himself and had he not done so, the State undoubtedly would have introduced it for impeachment purposes. Permitting the State to also use the judgment for substantive evidence did not increase any

---

[4]The Proposed Rules of Evidence for Washington, prepared by the Washington Judicial Council Task Force on Rules of Evidence, have adopted a nearly identical rule:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . .

(22) *Judgment of previous conviction.* Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the prosecution in a criminal case for purposes other than impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

Proposed Wash. R. Evid. 803 (22).

The Committee's comments note that: "No similar exception to the hearsay rule is defined by previous Washington law."

prejudice which had already accrued to the defendant, and the judgment did tend to prove inferentially defendant's motive for killing Cameron. Thus, it was proper for the jury to consider it as substantive evidence.

▮ Defendant argues, in the alternative, that the instruction constitutes a comment on the evidence in violation of article 4, section 16 of the Washington Constitution because it eliminates the jury's choice of believing or disbelieving the State's evidence of motive. We disagree.

> To constitute a comment on the evidence, it must appear that the court's attitude toward the merits of the cause are reasonably inferable from the nature or manner of the questions asked and the things said.

*State v. Cerny*, 78 Wn.2d 845, 855, 480 P.2d 199 (1971). The trial court's instruction stated only that there was evidence *tending* to show a prior conviction and that the jury could consider that fact as evidence if it *tended* to show motive. The court left the door open for the defendant to argue either that no valid conviction existed or that, if it existed, it did not show motive. Consequently, we hold that this instruction did not amount to a constitutionally impermissible comment on the evidence.

Defendant's next contention is that the trial court erred by permitting Officer James Christian of the Downey, California, police department to testify as to certain phone conversations. These conversations occurred more than a week after Wesley Cameron was killed. Cindy Dickerson, acting as a police informant, consented to Officer Christian's eavesdropping on her extension phone during her conversations with Brown, Nickel, and defendant. All of the phone calls were within the state of California, and all of the participants were residents of that state.[5]

▮ Defendant contends that RCW 9.73.050 renders these phone conversations inadmissible in evidence. RCW

---

[5]The record is unclear as to whether Officer Christian recorded or transcribed these conversations; it appears that his testimony was based solely on his personal recollection of the conversations he overheard.

9.73.050 does not exclude from the courtroom all information obtained from private phone conversations; it only excludes *illegally* obtained information. *State v. Wanrow,* 88 Wn.2d 221, 233, 559 P.2d 548 (1977). "RCW 9.73.050 does not purport to prohibit the admissibility of conversations unless information obtained therefrom is 'in violation of RCW 9.73.030.'" *State v. Grant,* 9 Wn. App. 260, 267, 511 P.2d 1013 (1973).

■ Thus the primary question is whether the information presented in evidence by Officer Christian was obtained in violation of RCW 9.73.030. That statute states:

[I]t shall be unlawful for any individual . . . to intercept . . . any . . . [p]rivate communication transmitted by telephone . . . between two or more individuals between points within or *without* the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;

(Italics ours.) Defendant urges that we read the statute literally and hold that Officer Christian's ˜interception of Cindy Dickerson's phone conversations was illegal even though the interceptions took place in California, were principally to aid California police, and were not used to further any criminal activity in the state of Washington. It is apparent, however, that defendant's construction of the statute goes too far. The State of Washington has no criminal jurisdiction over actions having no effect in this state. *See* RCW 9A.04.030, .070. Consequently, Officer Christian's activities did not violate RCW 9.73.030 and the information which he obtained was not inadmissible under RCW 9.73.050.[6]

---

[6]In deciding that Officer Christian's actions were not illegal under the privacy act because the State of Washington has no jurisdiction to apply RCW 9.73.030, we need not reach the question of whether eavesdropping by means of an extension phone constitutes an interception "by any device electronic or otherwise designed to record and/or transmit said communication." *See* Annot., 11 A.L.R.3d 1296 (1967).

Even though the information obtained by Officer Christian was not privileged under Washington law, the question remains whether the information was privileged under California law. *See* Cal. Penal Code §§ 632, 633 (West 1970). It appears to us that this information was not privileged under California law because (a) the interception was made by police with the consent of one of the parties, *see People v. Caravella,* 5 Cal. App. 3d 931, 85 Cal. Rptr. 576 (1970); *People v. Canard,* 257 Cal. App. 2d 444, 65 Cal. Rptr. 15 (1967); *People v. Jones,* 254 Cal. App. 2d 200, 62 Cal. Rptr. 304 (1967), and (b) the interception occurred over an extension phone. *See People v. Soles,* 68 Cal. App. 3d 418, 136 Cal. Rptr. 328 (1977). Nevertheless, we refuse to decide this issue because it was not adequately briefed or argued by the parties. RAP 12.1(a).[7]

Defendant's last assignment of error is based on the refusal of the trial court to permit two defense witnesses to testify that Wesley Cameron had on separate occasions sold each of them milk sugar on the pretense that it was heroin. The defendant claimed that this evidence was relevant because it showed a common plan or scheme on the part of Cameron to defraud heroin users and by inference that Cameron was the aggressor in the fight with the defendant. The defendant also offered testimony from these witnesses to prove that heroin dealers are generally armed and that they seldom carry large quantities of heroin on their persons.

■ In support of his argument, defendant relies on the case of *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). Defendant's reliance on *Goebel* is misplaced, however, because *Goebel* does not address the problem of evidence to show the *victim's* character in a homicide case. Generally, the only evidence of the victim's character which is relevant

---

[7]If the information was privileged under California law, we would then be faced with the issue of whether our court should recognize the privilege. *See* Restatement (Second) of Conflict of Laws § 139 (1971); Weinstein, *Recognition in the United States of the Privileges of Another Jurisdiction,* 56 Colum. L. Rev. 535 (1956).

is evidence of his reputation for violence once the defense has introduced evidence of self–defense. *See State v. Stepp,* 18 Wn. App. 304, 311, 569 P.2d 1169 (1977); E. Cleary, *McCormick's Handbook of the Law of Evidence* § 193 (2d ed. 1972). Even if we assume that Cameron deceived the defendant into purchasing milk sugar thinking that it was heroin and that this caused a fight between the pair, we fail to see how evidence that Cameron made similar misrepresentations to other heroin users tends to show that he was the aggressor in his fatal scuffle with the defendant.

■ On the basis of the arguments raised by the defendant, the trial court did not abuse its discretion in refusing to admit the proffered testimony. *Roberts v. Atlantic Richfield Co.,* 88 Wn.2d 887, 898–99, 568 P.2d 764 (1977). Likewise, we see no relevance in testimony that heroin dealers customarily carry weapons and have only small amounts of the drug on themselves. There was no evidence that Mayes stabbed Cameron because he had a reasonable belief that Cameron was armed. To the contrary, defendant testified that he stabbed Cameron because Cameron was attempting to strangle him. Therefore, the trial court properly refused to allow testimony concerning the customs of the heroin business. These alleged customs, even if they exist, do not bear on the issue of aggression in this case.

Reversed and remanded for a new trial.

REED and SOULE, JJ., concur.

Reconsideration denied June 27, 1978.

Review denied by Supreme Court November 17, 1978.