[No. 77250-9. En Banc.]
Argued March 21, 2006. Decided August 3, 2006.

THE STATE OF WASHINGTON, *Respondent*, v. ALEXANDER
LEONARD FOWLER, *Petitioner*.

*Patricia A. Pethick* and *Thomas E. Doyle*, for petitioner.
*Edward G. Holm, Prosecuting Attorney,* and *James C. Powers, Deputy,* for respondent.

¶1 Madsen, J. — Petitioner Alexander L. Fowler was convicted by a jury of two counts of incest in the first degree, two counts of incest in the second degree, and one count of rape in the second degree, all stemming from sexual misconduct with his stepdaughter. Fowler asserts that the trial court erred by admitting into evidence recordings of two telephone conversations he had with the victim. The conversations were recorded in Oregon with the consent of and by the victim acting at the request of the Oregon police when they investigated Fowler's possible sexual misconduct. Fowler was in Washington when he spoke on the phone to the victim, and he did not consent to the recordings; the victim was in Oregon at her family home.

¶2 Under Oregon law, it is permissible for one party to consent to a recording of a telephone conversation. In Washington, unless an exception applies, it is generally unlawful to tape record a telephone conversation with only one party's consent under the privacy act, chapter 9.73 RCW. Generally, all parties must consent to a recording in Washington. Based on Washington's privacy act, petitioner claims that the recordings of the conversations in Oregon

were unlawful under RCW 9.73.030 and were therefore inadmissible in court under RCW 9.73.050. We hold that the recording of conversations in Oregon did not violate RCW 9.73.030 and were thus not barred from admission. Accordingly, we affirm petitioner's conviction.

## FACTS

¶3 Fowler was convicted by a jury of four counts of incest and one count of rape resulting from his sexual misconduct with his stepdaughter, M.P., from 1997 to 2000 in Washington State.[1] Prior to trial, Fowler objected to the admission into evidence of two recorded telephone calls with M.P., and a suppression hearing was held. The trial court entered the following findings of fact. On September 16, 2002, the alleged victim, M.P., made a telephone call from Oregon to the defendant [Fowler] while the defendant was at a location within Washington State. Clerk's Papers (CP) at 70 (Finding of Fact (FF) 1). The alleged victim intentionally and voluntarily recorded the conversation that took place during this phone call without informing the defendant that the recording was being made. *Id.* On September 26, 2002, the alleged victim made a second call from Oregon to the defendant while the defendant was at a location within Washington State. CP at 70 (FF 2). The alleged victim again intentionally and voluntarily recorded the conversation that occurred during this phone call without informing the defendant that the recording was being made. CP at 70-71 (FF 2).

¶4 Both telephone calls and the recording of those calls were made by the alleged victim at the request of Detective Mike Wilson of the Oregon State Police for purposes of Detective Wilson's investigation of an alleged sexual offense by the defendant against the victim, which was alleged to have occurred within the state of Oregon. CP at 71 (FF 3). The record does not reflect why Oregon prosecutors did not bring charges against Fowler.

[1] *See State v. Fowler*, 127 Wn. App. 676, 678-80, 111 P.3d 1264 (2005), for a short summary of the facts.

¶5 No Washington State law enforcement officer or other Washington State official requested or in any way encouraged the making of these calls or the recording of these calls. CP at 71 (FF 4). At the time these calls were recorded, there was no investigation ongoing in Washington concerning any alleged offense by the defendant against the alleged victim. *Id.* In requesting the alleged victim to record these calls, Detective Wilson was following Oregon law, which provided that such a recording is lawful as long as one of the parties gives his or her consent to the recording. CP at 71 (FF 5).

¶6 Based on its findings of fact, the trial court made the following four conclusions of law. First, the trial court concluded that RCW 9.73.030[2] makes it unlawful to record a telephone conversation without the knowledge and consent of both parties to that conversation. CP at 71. Had the alleged victim's recording of her two calls to the defendant been made within the state of Washington, the trial court concluded, such recordings would have been illegal. *Id.* Second, the trial court held that because the alleged victim consented to the recordings of these two calls and made the recordings while in Oregon, these recordings were lawfully made under Oregon law pursuant to Oregon Revised Stat-

---

[2] RCW 9.73.030(1) provides:

Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:

(a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication.

RCW 9.73.050 provides:

Any information obtained in violation of RCW 9.73.030 or pursuant to any order issued under the provisions of RCW 9.73.040 [providing for ex parte orders for interception of communications and conversations] shall be inadmissible in any civil or criminal case in all courts of general or limited jurisdiction in this state, except with the permission of the person whose rights have been violated in an action brought for damages under the provisions of RCW 9.73.030 through 9.73.080, or in a criminal action in which the defendant is charged with a crime, the commission of which would jeopardize national security.

utes § 165.540(1)(a). CP at 71; *see also* CP at 44 (Oregon statute). Third, the trial court concluded that the rule of law known as the "silver platter" doctrine is part of the law of the state of Washington and is applicable to the facts of this case. CP at 71. According to the trial court, the silver platter doctrine provides that when evidence results from law enforcement investigative practice in another jurisdiction where that investigative practice is legal, but the same investigative practice would be illegal under Washington law, the evidence is still admissible in a Washington court provided that the law enforcement officers in the other jurisdiction did not engage in the investigative practice as agents of a Washington law enforcement agency. *Id.* at 71-72. Finally, the trial court concluded that because the recordings by the alleged victim were made in Oregon, at the instigation of an Oregon law enforcement officer conducting a criminal investigation within Oregon concerning an offense alleged to have been committed in Oregon, and were made in full conformity with Oregon law, and because there was no request, instigation, or involvement by a Washington law enforcement agency or other Washington official with regard to these recordings, the recordings are not rendered inadmissible at the trial of Fowler by the provisions of RCW 9.73.030 and would not be suppressed on that basis. *Id.* at 72.

¶7 At trial, three people testified: M.P., M.P.'s mother, and Detective Wilson of the Oregon police. Fowler did not testify. The State also presented tapes of the two telephone conversations. The jury found Fowler guilty of all charges.

¶8 Fowler appealed, claiming that the trial court erred in denying his motion to suppress the two tape-recorded conversations between him and M.P. Fowler argued that because the calls were recorded without his consent, the recordings violated his privacy rights under RCW 9.73.030(1) and were thus inadmissible under RCW 9.73.050. Fowler also contended that the trial court erroneously applied the silver platter doctrine. The Court of Appeals affirmed, holding that the recordings were not

unlawful under RCW 9.73.030; that the silver platter doctrine applied in this case, resulting in the evidence being properly admitted; and that even if the admission was in error, the error was harmless.

¶9 Fowler renews his arguments regarding the admissibility of the tape recordings of the two telephone conversations in this court. As in the Court of Appeals, Fowler does not challenge the trial court's findings of fact regarding the circumstances of the recordings; he challenges only the conclusions of law.

## ANALYSIS

¶10 Fowler asserts that taped telephone conversations are unlawful under RCW 9.73.030 and hence inadmissible under RCW 9.73.050. First, Fowler points to RCW 9.73.030(1)(a), which provides that it shall be unlawful for any individual (among others) to intercept or record any "[p]rivate communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state" by any device designed to record the communication without first obtaining the consent of "all the participants" in the communication. Fowler alleges that the two conversations he had with M.P. were "private" conversations within the meaning of the statute and that he did not consent to the recordings of the two conversations by M.P. Furthermore, Fowler argues that the fact that the conversations were recorded in Oregon (and were legally recorded in Oregon under Oregon law) is irrelevant because RCW 9.73.030(1)(a) covers telephone calls between two or more persons "within or without the state." Thus, according to Fowler, the recordings are "unlawful" under RCW 9.73.030. Because such recordings were obtained unlawfully under RCW 9.73.030, they are "inadmissible" in Fowler's criminal trial and should not have been played for the jury. RCW 9.73.050 (providing that any information obtained in violation of RCW 9.73.030 shall be inadmissible in any civil or

criminal case in all courts of general or limited jurisdiction in this state).

¶11 The State does not take issue with Fowler's claims that his two telephone calls were private, that they were recorded, or that he did not consent to the recordings. Rather, the State contends that the telephone recordings made in Oregon, lawfully obtained under Oregon law, do not violate RCW 9.73.030(1) and therefore are not inadmissible under RCW 9.73.050. First, the State points out that RCW 9.73.050 precludes admissibility, in relevant part, only when information is "obtained in violation of RCW 9.73.030." Therefore, there must first be a violation of RCW 9.73.030 in order for the recording to be inadmissible under RCW 9.73.050.

¶12 Second, the State argues that Fowler misinterprets the phrase "between points within or without the state" contained in RCW 9.73.030(1)(a). The State claims that that phrase does not refer to the act of intercepting or recording. Rather, the phrase refers to what communications are the concern of RCW 9.73.030. The phrase establishes that " 'private communications transmitted by telephone, telegraph, radio, or other device' are the concern of RCW 9.73.030 whether those communications are 'between points within or without the state.' " Resp't's Suppl. Br. at 7 (quoting RCW 9.73.030(1)(a)). However, according to the State, the phrase "says nothing about what recording location" will bring the recording of communications under the criminal jurisdiction of Washington pursuant to this statute. Id.[3]

¶13 The State points to *Kadoranian v. Bellingham Police Department*, 119 Wn.2d 178, 829 P.2d 1061 (1992), for the proposition that this court has already answered the

---

[3] RCW 9.73.080(1) provides that "[e]xcept as otherwise provided in this chapter, any person who violates RCW 9.73.030 is guilty of a gross misdemeanor." Additionally, under RCW 9.73.060, "[a]ny person who, directly or indirectly by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured his business, his person, or his reputation."

question as to the relevance of the place of the recordings. In *Kadoranian*, a Canadian citizen sought civil damages in a Washington state court, claiming a violation of RCW 9.73.030. In that case, the Bellingham police recorded the plaintiff's telephone conversation. The call was placed from Washington to Canada and was tape recorded in Washington with the consent of only one party, the Washington resident. *Id.* at 181-83. The Canadian citizen first made the argument that the exceptions in the privacy act allowing police to lawfully record conversations with the consent of only one party did not apply to the Bellingham police because the call was received in Canada, not within Washington.[4] *Id.* at 184. This court disagreed, holding that "[t]he privacy act does not limit the territory in which telephone calls may be intercepted, as long as the interception occurs in Washington." *Id.* at 183. "Interceptions and recordings occur where made." *Id.* at 186. The court continued and held that "[w]hether the interception of Ms. Kadoranian's conversation was lawful is thus determined according to the laws of the State of Washington, the place where the conversation was intercepted and recorded, not according to the laws of Canada [where the call was received]." *Id.*

¶14 In reaching this conclusion, the court cited a number of cases which support the view that courts generally determine the validity of a telephone interception by looking to the law of the jurisdiction in which the interception—or the recording—is made. *Id.* at 186 & n.16 (citing *State v. Fleming*, 91 Or. App. 394, 399, 755 P.2d 725 (Oregon statute requiring one-party consent controlled the legality of the recording made in Oregon of a call to the defendant in this state from an informant located in Oregon; while the

---

[4] Under RCW 9.73.230, the statute permits law enforcement officers to record conversations without a court order with one party's consent and if designated procedures are followed. The statutory procedures permit law enforcement officers to initially determine probable cause and then to authorize interception and recordings of telephone calls. The statute provides that authorizations issued pursuant to the act are "valid in all jurisdictions within Washington state." RCW 9.73.230(3). Kadoranian argued that this phrase meant police may not lawfully intercept telephone calls unless they are initiated and received within the territorial boundaries of the state of Washington.

recording was not in accordance with RCW 9.73.030, it was lawful under Oregon law and was thus admissible in Oregon), *review denied*, 306 Or. 661, 763 P.2d 152 (1988); *Stowe v. Devoy*, 588 F.2d 336, 341 (2d Cir. 1978) (interception and recording of a telephone call recorded in Canada to New York was governed by Canada's law, the place where the recording took place), *cert. denied*, 442 U.S. 931 (1979); *United States v. Tirinkian*, 502 F. Supp. 620, 627 (D.N.D. 1980) (the legality of the recording of a call is governed by the law of the place where the recording occurs)).

¶15 Fowler fails to acknowledge or discuss this court's reasoning in *Kadoranian,* a case that controls the issue in this case. Although Fowler does cite a number of other Washington cases that discuss the privacy act in general, none of them overrule or modify the central holding in *Kadoranian*. For example, Fowler cites *State v. Fjermestad*, 114 Wn.2d 828, 834, 791 P.2d 897 (1990), for the proposition that Washington's privacy act is designed to primarily protect private persons from public dissemination of illegally obtained information. In *Fjermestad*, this court held that all evidence, obtained by law enforcement officers wearing "body wires" when they came into contact with suspected drug dealers, taping conversations in Washington in violation of chapter 9.73 RCW, was inadmissible. *Id.* at 829.

¶16 As this court made clear in *Kadoranian,* the test for whether a recording of a conversation or communication is lawful is determined under the laws of the place of the recording. In this case, the two telephone calls were recorded in Oregon with the consent of one of the parties to the call. Under the trial court's unchallenged findings, it is lawful under Oregon law to record a telephone conversation with one party's consent. CP at 71 (FF 5). While Fowler undoubtedly has an expectation of privacy as a Washington resident, he does not have an expectation of privacy related to his behavior in Oregon and the resulting criminal investigation by the Oregon police regarding his sexual misconduct with M.P. while in Oregon.

■ ¶17 Of course, RCW 9.73.030 may be violated by a recording made outside of this state if the recording was made for use of the evidence in Washington by an agent of a Washington official or other person. RCW 9.73.030 makes it clear that it is unlawful for "any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions" to intercept or record certain communications. Moreover, RCW 9.73.060 provides that "[a]ny person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages." Thus, when read together, it is clear that these provisions encompass persons acting as "agents" on behalf of someone in Washington.[5]

¶18 In this case, however, the trial court made unchallenged findings of fact regarding the circumstances sur-

---

[5] Because RCW 9.73.030 makes it unlawful for an agent to intercept or record a conversation without the consent of all parties, the trial court's reliance on the silver platter doctrine was inappropriate. The term "silver platter" doctrine was coined in *Lustig v. United States*, 338 U.S. 74, 78-79, 69 S. Ct. 1372, 93 L. Ed. 1819 (1949) ("[t]he crux of that doctrine is that a search is a search by a federal official if he had a hand in it; it is not a search by a federal official if evidence secured by state authorities is turned over to the federal authorities on a silver platter"). In *Elkins v. United States*, 364 U.S. 206, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960), the Supreme Court abolished the so-called silver platter doctrine, whereby it was previously permissible for federal courts to receive into evidence items which were obtained in a state search by means which, if engaged in by federal officers, would constitute a violation of the Fourth Amendment. The *Elkins* Court noted that the foundation upon which the admissibility of state-seized evidence in a federal court originally rested—that unreasonable state searches did not violate the federal constitution—had disappeared in 1949 with the holding of *Wolf v. Colorado*, 338 U.S. 25, 69 S. Ct. 1359, 93 L. Ed. 1782 (1949) (Fourth Amendment applies to the state officials under the Fourteenth Amendment). The holding in *Elkins* was further buttressed by *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961), in which the Court held that all evidence obtained by searches and seizures in violation of the federal constitution is, by that same authority, inadmissible. *See* 1 WAYNE R. LaFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 1.5(c) (2d ed. 1987).

The principles of the doctrine (although no longer explicitly called the silver platter doctrine) still are applied in federal court, such as when evidence is obtained out of the country, in violation of the Fourth Amendment, which does not govern foreign officials' conduct. *See, e.g., Stonehill v. United States*, 405 F.2d 738 (9th Cir. 1968) (evidence obtained in the Philippines in violation of the Fourth Amendment by foreign agents was admissible in federal court when the federal officers did not undertake or unlawfully participate in the unconstitutional search and seizure).

rounding the recording of the telephone calls in Oregon. As discussed above, M.P. recorded the calls at the request of Detective Wilson for the purposes of his investigation of an alleged sexual offense by Fowler against M.P., which was alleged to have occurred within the state of Oregon. CP at 71 (FF 3). The trial court found that no Washington State law enforcement officer or other Washington State official requested or in any way encouraged the making of these calls or the recording of these calls. CP at 71 (FF 4). Thus, because the telephone calls were lawfully recorded in Oregon and were not done at the request of, with the involvement of, or as agents of Washington law enforcement officials otherwise with the intent to use the recordings in Washington, the recordings were not unlawful under RCW 9.73.030 and accordingly are not barred by RCW 9.73.050. *See also State v. Brown*, 132 Wn.2d 529, 940 P.2d 546 (1997) (recording of appellant's statements to California police while appellant was in California did not violate RCW 9.73.030 or .090(1)(b)(i) and were properly admitted in Washington state courts; statements were lawfully recorded under California law, and the California police were not acting as agents of the King County police department).

## CONCLUSION

¶19 We hold that the recordings taped in Oregon by M.P. were not unlawful under RCW 9.73.030(1) and that the trial court properly admitted this evidence. The conviction is affirmed.

ALEXANDER, C.J., and C. JOHNSON, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.